UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY CASE NO. |
| PIONEER AUSTIN EAST ) | |
| DEVELOPMENT I, LTD., ) | 10-30177-HDH-11 |
| ) | |
| Debtor. ) | |
| ------------------------------------------------------ ) | |
| PIONEER AUSTIN EAST ) | |
| DEVELOPMENT I, LTD., ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | 3:11-CV-2626-G |
| VS. ) | |
| ) | |
| PIONERG, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| GRENCORP MANAGEMENT, INC., ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| AND ) | ADVERSARY NO. |
| ) | |
| PIONEER 40 LLC, ) | 10-03199-HDH |
| ) | |
| Intervenor/Third-Party Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| LIBERTY BANKERS LIFE INSURANCE, ) | |
| ET AL., ) | |
| ) | |
| Third-Party Defendants. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court is a motion for de novo review of the Bankruptcy Court's

proposed findings of fact and conclusions of law (docket entry 2).  For the reasons set

forth below, the court accepts the findings and conclusions of the bankruptcy court.

As a result, the movant's motion for summary judgment is denied, and the movees'

motion for summary judgment is granted.

## I. <u>BACKGROUND</u>

### A. <u>Factual Background</u>

This motion involves a lien priority dispute concerning land in Travis County,

Texas.  Objections of Liberty Bankers Life Insurance Company to the

Recommendation and Proposed Findings of Fact and Conclusions of Law of the

Bankruptcy Court and Request for De Novo Review by the District Court ("De Novo

Motion") at 2 (bankruptcy docket entry 77).  The movant is Liberty Bankers Life

Insurance Company ("Liberty Bankers").  *Id*.  The movees are Grencorp

Management, Inc. ("Grencorp") and Pioneer 40, LLC ("Pioneer").  *Id*.

Grencorp obtained liens on the property by an assignment of deeds of trust,

which were made to secure two promissory notes.   Pionerg's and Grencorp's Brief in

Support of Motion for Summary Judgment Against Liberty Bankers Life Insurance

("Movees' Bankruptcy Motion") at 2-3 (bankruptcy docket entry 43).  These deeds

of trust were initially given by Pioneer Austin East Development IC, Limited

- 2 -

("Pioneer Austin IC") to TOM 2003-1 Master Limited Partnership ("TOM LP") in

October of 2003.  *Id*. at 2.  In December of 2005, the deeds of trust and the related

notes were assigned to Grencorp.  *Id*. at 3.  However, the deeds of trust were not

recorded until August of 2007.  *Id*. at 2-3.

Liberty Bankers claims it holds an equitable lien on the property as a successor

to the American Reserve Life Insurance Company ("ARLIC").  De Novo Motion at 2.

In June of 2006, ARLIC made a loan to Pioneer Austin IC.  *Id*.  Liberty Bankers

claims that the ARLIC and Pioneer Austin IC intended for the disputed property to

be security for the loan.  Motion for Partial Summary Judgment and Supporting Brief

of Liberty Bankers Life Insurance Company Against Grencorp Management Inc.,

Pioneer 40, LLC and Pioneer Austin East Development IC, LTD ("Movant's

Bankruptcy Motion") at 4 (bankruptcy docket entry 45).  However, the deed of trust

for the ARLIC loan did not include a description of the disputed property.  *Id*.

Instead, it contained a description of a different parcel of land in Travis County.

Movees' Bankruptcy Motion at 3.  This deed of trust, with its allegedly faulty land

description, was recorded in June of 2006.  Movant's Bankruptcy Motion at 4.

Liberty Bankers maintains that this was the result of an oversight of the title

company that handled the closing of the ARLIC loan.  *Id*.  Liberty Bankers attempted

to fix this alleged mistake by filing a corrected deed in October of 2007.  *Id*. at 5.  In

this motion, Liberty Bankers argues that it now holds an equitable lien on the disputed property.  De Novo Motion at 2.

Because the lien priority dispute does not constitute a core proceeding under 28 U.S.C. § 157(b), the Bankruptcy Court made proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1) on the parties' summary judgment motions.  *See* Proposed Findings of Fact and Conclusions of Law on Summary Judgment Motions ("Bankruptcy Court's Findings and Conclusions") at 3 (bankruptcy docket entry 72).  In its findings and conclusions, the Bankruptcy Court concluded that because "[t]he Grencorp lien was filed of record[, i]t is superior to any equitable lien of Liberty."  *Id*.  The Bankruptcy Court also explained that Texas Property Code § 13.001(a) does not help Liberty Bankers' case, because "Grencorp is surely a 'creditor' for purposes of the statute[, and] Liberty is not a 'purchaser' in the true sense."  *Id*.  Finally, the Bankruptcy Court concluded that "the maxim, 'first in time, first in right,' controls.  To hold otherwise would do great damage to real estate and commercial transactions in Texas."  *Id*.

On October 5, 2011, Liberty Bankers filed this motion for de novo review of the Bankruptcy Court's proposed findings of facts and conclusions of law.  *See* 28 U.S.C. § 157(c)(1); FED. R. BANK. P. 9033.

## II. ANALYSIS

The common law rule of "first in time, first in right" stands for the general proposition that in a dispute over the rights or interest of property (including liens), the party that is first in time will succeed over a later party.  See, *e.g.*, *National City Bank v. Texas Capital Bank, N.A.*, 353 S.W.3d 581, 585 (Tex. App.--Dallas 2011, no pet.).  However, the Texas state legislature has supplanted the common law in certain circumstances with Texas Property Code § 13.001(a).  Under Section 13.001(a),

> A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

In its motion, Liberty Bankers argues that it has priority over Grencorp because of Section 13.001(a).  De Novo Motion at 2.  Liberty Bankers insists that it is entitled to protection under Section 13.001(a) as a subsequent purchaser.  *Id*. at 5.  Liberty Bankers also urges that Grencorp is not a creditor, and therefore not entitled to protection under Section 13.001(a).  *Id*. at 3-5.

However, this court agrees with the Bankruptcy Court that Grencorp does have priority over Liberty Bankers.  Grencorp received its lien in the property before Liberty Bankers received its alleged equitable lien.  Grencorp also recorded its interest in the disputed property before Liberty Bankers attempted to fix the alleged mistake.

Grencorp is the only party to have actually received a security interest in the disputed property, and the only party to have properly recorded that interest.

Moreover, Liberty Bankers cannot take advantage of Section 13.001(a) because it is not a subsequent purchaser for a valuable consideration without notice "in the true sense." Bankruptcy Court's Findings and Conclusions at 3. Since Pioneer Austin IC never conveyed any interest in the disputed property to ARLIC, Liberty Bankers could not be a subsequent purchaser of any interest.

Finally, Grencorp can take advantage of Section 13.001(a) because it qualifies as a creditor under the statute. Bankruptcy Court's Findings and Conclusions at 3. Under the ordinary definition of the term creditor -- one to whom a debt is owed -- Grencorp certainly qualifies. *See* BLACKS LAW DICTIONARY (9th ed. 2009). Liberty Bankers contends that "[t]he term 'creditor' in § 13.001(a) refers only to persons who obtain involuntary liens against property of the debtor as a result of judicial processes such as attachment and judgment liens and excludes all others." De Novo Motion at 3. However, this understanding of the term creditor in Section 13.001(a) is at odds with the modern Texas case law on the subject. See *Omohundro v. Jackson*, 36 S.W.3d 677, 679, 681-82 (Tex. App.--El Paso 2001, no writ) (holding that a party that acquires a voluntary lien was a "creditor" for Section 13.001(a)).

Therefore, Grencorp's perfected lien takes priority over any interest that Liberty Banker allegedly has. "To hold otherwise would do great damage to real

- 6 -

estate and commercial transactions in Texas." Bankruptcy Court's Findings and Conclusions at 3.

### III.  CONCLUSION

For the reasons above, the court accepts the findings of the Bankruptcy Court. Grencorp's and Pioneer's motion for summary judgment is **GRANTED**, and Liberty Banker's motion for summary judgment is **DENIED**.

Counsel for Grencorp and Pioneer shall submit, no later than **February 27, 2012**, a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

February 15, 2012.

_A. Joe Fish_

A. JOE FISH
**Senior United States District Judge**